## Case No. 15,890.

UNITED STATES v. NINETY–FIVE BAR- · RELS OF DISTILLED SPIRITS.

[14 Int. Rev. Rec. 6.]

District Court, D. Massachusetts. April, 1871.

INTERNAL REVENUE—UNSTAMPED PACKAGES.

The forfeiture of distilled spirits by section 57 of the act of July 20, 1868 [15 Stat. 150], is general, and that section imposes a penalty for a violation of section 25 in case the unstamped packages contain more than five gallons.

R. M. Morse, Jr., for claimant Lotan Gassett.

J. C. Ropes, Asst. U. S. Atty.

LOWELL, District Judge. Since this case was before me on demurrer the parties have by consent reformed the pleadings, and the claimant has filed a second demurrer, which raises the single question whether section 57 of the statute of July 20, 1868 (15 Stat. 150), does not impose a penalty or punishment for a violation of section 25. In my former decision [Case No. 15,889] I expressed the opinion that there was no penalty imposed for a violation of section 25, and three district judges have expressed a like opinion. U. S. v. One Rectifying Establishment [Id. 15,952]; U. S. v. Thirty-Seven Barrels, etc. [Id. 16,466]; U. S. v. One Hundred and Thirty-Three Casks [Id. 15,940]. And this was agreed to be the case by both counsel at the former hearing. But it seems that section 57 contains a clause which, taken literally, is broad enough to reach every neglect to brand or stamp or cause to be branded or stamped any cask or package of more than five gallons. It is: "And all distilled spirits found after thirty days from the time this act takes effect in any cask or package containing more than five gallons without having thereon each mark and stamp required therefor by this act shall be forfeited to the United States." It is argued by the district attorney that the meaning is to punish merely the violation of this section, and that "act" in the latter part of the clause should read "section;" and such was the opinion of Judge Ballard in one of the cases above referred to. In none of the other decisions that I have seen has this section been construed or cited, and it is not clear that the point was fully argued in that case. There is great force in the argument from proximity of place and context; all the remainder of that section refers to spirits already distilled and held for sale at the date of the passage of the act, and this forfeiture is interposed in the middle of a sentence of which the former part relates only to such spirits.

It was very frankly admitted by the district attorney that a great many forfeitures have been adjudged here on informations framed under the broad construction of this clause in defaulted cases; and it never occurred to me, in reading or hearing these informations, as I always do in such cases, that there ought to be an allegation that the spirits were in existence and owned by some persons who intended to sell them at the time of the passage of the act, which would be necessary to bring them within the more restricted construction. Of course, the government must abide by the same interpretation when it will relieve the goods as when it will forfeit them; but I understand their position now to be, that any informations that may have been brought against unstamped spirits by virtue of this clause were ill-advised excepting where the spirits were held for sale at the date of the passage of the act; and as this is the first time the point has been distinctly raised, they certainly ought not to be precluded from taking their present position. Upon the best consideration I can give the question. I am of opinion that the forfeiture is general and not to be limited by the context. The language is unambiguous that all distilled spirits found in any cask, etc., not having each mark and stamp required by the act, shall be forfeited. There appears no reason of justice or policy for confining the meaning of "act" to "section," but rather the contrary. It is proper and usual that the goods which are not stamped should be forfeited, and it is so provided in respect to cigars and tobacco by sections 70 and 90 of this act; but there is no general provision forfeiting unstamped spirits unless it be the clause now under consideration. To limit the meaning will not only require us to read "act," as if it were "section," but to disregard "each" because there is but one particular stamp required by this section, and this would naturally be mentioned as "the stamp required by this section," or by some such expression. I consider the more reasonable construction to be that congress having by this section put all spirits on an equality in this respect, namely, that all must be stamped and branded whether made before the statute was passed or afterwards, intended to say that all spirits which were not properly stamped and marked should be · forfeited, whatever the previous history of the spirits might be, or whatever the special marks or stamps which ought to be put upon them. I must, therefore, sustain the demurrer on both counts and dismiss the information, leaving the United States to their remedy by writ of error.